THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LEVI MUMFORD, Defendant.

City Magistrates' Court of New York, Felony Court, Borough of Queens, June 2, 1939.

*Charles Sullivan, District Attorney [William A. Kerwick of counsel], for the plaintiff.*

*James F. Fitzgerald, for the defendant.*

*Michael A. Lyons, Third Deputy Police Commissioner, Ambrose J. Haddock and Louis Sisapiel, for the Legal Bureau of the Police Department, amicus curiæ.*

*Davies, Auerbach, Cornell & Hardy [William J. Carr of counsel], amicus curiæ.*

HOCKERT, C. M. The defendant is charged with violation of the provisions of section 986 of the Penal Law. On an argument to dismiss the complaint, counsel for the defendant claims his client is immune from its provisions by virtue of section 17 of chapter 440 of the Laws of 1926, as added by chapter 233 of the Laws of 1934 (McKinney's Unconsolidated Laws, § 1141), as the offense charged is alleged to have been committed on the property of the Jamaica race track.

The Jamaica race track grounds include the race track, grand stands, stables, betting pavilions, parking space and some unoccupied land. Admission by ticket through entrance gates is beyond the area occupied by the parking of cars. This area used for the parking of cars is within the fence which incloses the entire race track grounds; but no admission is charged nor ticket necessary to enter upon the parking area, although only patrons of the track actually park their cars there. The defendant was observed by the officer in this parking area for a period of forty minutes, during which time about twenty men approached him, all of whom were consulting scratch sheets and racing pages of newspapers; that each man had a conversation with the defendant and gave him a sum of money in bill form and the defendant made notations upon a sheet held in his hand. Before the start of each race, the defendant went through the main entrance to the race track and as he moved toward the entrance at the start of the third race he was placed under arrest. In the pocket of his coat there were two racing programmes, the programme of that day bearing figures indicating amounts of money wagered together with names of players, and also a slip of paper bearing figures indicating amounts of money wagered and won and lost.

The defendant told the officer that he had been picking up bets for quite a while and made a few dollars a day.

Section 17 of chapter 440 of the Laws of 1926, as added by chapter 233 of the Laws of 1934, provides in effect that the penalty for violation of section 986 of the Penal Law is limited to a civil action by the person or persons with whom such a wager is made.

It is a well-established law that such an avoidance of the criminal penalty in favor of a civil penalty must be strictly construed. This is analogous to the seeking of exemption from licensing. (*Matter of Kennedy*, 240 App. Div. 20.)

The question involved, therefore, is whether the defendant was conducting his activities within the confines of the race track. Among the various provisions of the New York Racing Law (Laws of 1926, chap. 440, as amd.) dealing with race meetings there is a distinction between what are the grounds and the race track. While it is true in this case that the parking space is included within the property or grounds of the Jamaica race track, yet the actual property used for the purpose of the racing is within the area to which the admission ticket is required and this only is the exact location which is exempted from provisions of section 986 of the Penal Law. Within the confines of the Jamaica race track space is allocated for book-makers and it is clear that this defendant was not operating within or anywhere near that space, and, therefore, his case falls within the provisions of section 986.

The police department of the city of New York, through its counsel, have attacked the constitutionality of section 17 of chapter 440 of the Laws of 1926, as added by chapter 233 of the Laws of 1934, in that it is in violation of section 9 of article 1 of the Constitution of the State of New York, which provides as follows: " nor shall any * * * book-making or any other kind of gambling hereafter be authorized or allowed within this State; and the Legislature shall pass appropriate laws to prevent offenses against any of the provisions of this section." This provision of the Constitution is clearly not intended to be self-executing as it expressly delegates to the Legislature authority and requirement to enact such laws as it shall deem appropriate to carry it into execution. Section 17 is similar to chapter 570 of the Laws of 1895, which law was declared constitutional in the cases of *People ex rel. Sturgis* v. *Fallon* (152 N. Y. 1) and *People* v. *Stedeker* (175 id. 57). Section 17 has not been passed on by the appellate courts, but while its language is not identical, substantially the same principle of law is involved. As herein pointed out, this provision of the Constitution is not self-executing, and though section 986 of the Penal Law was in effect prior to the enactment of said section of the Constitution, the Legislature had it within its power to repeal all or any part of section 986, and section 17 may be considered part of such a repeal. The only one who has the right to raise the question of the constitutionality of said section is one who had sustained a loss or had a fundamental right violated by reason of the law. The court of itself, in the absence of proper issue, has

no right to raise a constitutional question nor can the district attorney, nor the police department of the city of New York; the defendant did not raise the question nor would he be in a position to do so; therefore, the question of constitutionality of this section is not before this court for determination.

The entire situation in reference to enforcement of section 9 of article 1 of the Constitution is an anomalous one and as a result thereof there has been demand made for passage of a constitutional amendment to liberalize the present article in favor of betting at race tracks. Such a provision is to be voted upon by the People of the State of New York at this fall's elections and, if approved, would clarify it and make betting at race tracks under constitutional provisions legal and proper and not merely allow it because of legislative enactment, in spite of constitutional provisions as suggested by Justice HOOLEY in *Beach* v. *Queens County Jockey Club* (164 Misc. 363).

The defendant is, therefore, held for the Court of Special Sessions.